IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **BLACK RIVER ENTERTAINMENT LLC**, a Tennessee limited liability, company, **KELSEA BALLERINI**, individually, and **ALYSA VANDERHEYM**, individually,<br><br>**Plaintiffs,**<br><br>v.<br><br>**BO EWING**, an individual,<br><br>**Defendant.** | Case No. _____ |

## VERIFIED COMPLAINT

Black River Entertainment, LLC ("Black River"), Kelsea Ballerini ("Ms. Ballerini"), and Alysa Vanderheym ("Ms. Vanderheym") (collectively "Plaintiffs"), for their complaint against Bo Ewing ("Defendant") and hereby allege as follows:

### PRELIMINARY STATEMENT

1. Copyright protections for artists and content creators are at a critical juncture. The Tennessee General Assembly, with the recently passed ELVIS Act,[1] has recognized this crossroads and emphasized this State's public policy of protecting artistic expression in an increasingly digital society. While artificial intelligence is currently driving the headlines, intellectual property owners remain under constant threat of more traditional attacks in the form

---

[1] The ELVIS ("Ensuring Likeness Voice and Image Security") Act seeks to ensure increased protections for artists with respect to their appearance and voice in response to potential improper utilizations of emerging artificial intelligence technologies.

of hacks, leaks, and other related nefarious digital attacks taken by unscrupulous individuals seeking attention. Plaintiffs are the unfortunate victims of one such attack.

2. On or about Sunday, April 7, 2024, upon information and belief, Defendant Bo Ewing, without authority or approval, surreptitiously gained access to, copied and disseminated still-in-production, unreleased masters and demos (the "Recordings") [2] that Plaintiffs are preparing to release. At this time, Plaintiffs have determined that Defendant has access to the Recordings and, upon information and belief, obtained them through gaining back-door access to the device of either, or both, of Ms. Ballerini or Ms. Vanderheym, a producer working on the Recordings. Defendant has no legal right to the Recordings and his continued possession of them constitutes a real and direct threat of irreparable harm to all Defendants.

3. Emergency relief is needed to prevent further harm and damages to Ms. Ballerini, Ms. Vanderheym, and Black River because of the improper, illicit, and illegal actions by Defendant, which Plaintiffs fear will continue without immediate injunctive relief.

4. Defendant has already circulated the Recordings to numerous third parties. These songs are not finished and no Plaintiff has given permission for their distribution or dissemination at this time.

5. The Recordings are of indeterminate but substantial value. Absent an immediate protective order and injunction barring Defendant from further dissemination of the Recordings, Plaintiffs will suffer continued, irreparable harm.

---

[2] The Recordings consist of 12 unreleased, still-in-production demos and masters of songs with the following titles: *Deep*; *This Time Last Year*; *Two Things*; *Love Me*; *Cowboys Cry Too*; *To the Men who Love Women after Heartbreak*; *Better Things*; *Insanity*; *First Rodeo*; *Sorry Mom*; *Good Girl with a Little Rage*; and *Beg for Your Love*.

2

## PARTIES, VENUE, AND JURISDICTION

6. Plaintiff Ms. Ballerini is an individual citizen of Tennessee and resident of Davidson County, Tennessee.

7. Plaintiff Ms. Vanderheym is an individual citizen of Tennessee and resident of Davidson County, Tennessee.

8. Plaintiff Black River Entertainment, LLC is a limited liability company formed under the laws of the State of Tennessee.

9. Defendant Bo Ewing is a citizen and resident of the State of Ohio.

10. This Court has personal jurisdiction over Defendant because he has sufficient contacts, including accessing restricted areas of Ms. Ballerinis/Vanderheym's—who both reside within Davidson County, Tennessee—protected device in order to gain access to and download the Recordings. Venue is proper because the cause of action arose in Davidson County, Tennessee.

11. This Court has subject matter jurisdiction over Defendant under 28 U.S.C. §§ 1331 and 1338(a) in that the controversy arises under multiple federal statues including the Copyright Act and Copyright Revision Act of 1976 and the Computer Fraud and Abuse Act, actions for which are under the jurisdiction of the Federal Courts under 28 U.S.C. § 1338.

## FACTUAL BACKGROUND

12. Ms. Ballerini is an internationally recognized country music entertainer with a passionate and devoted fan base.

13. Defendant is a former member of Ms. Ballerini's fan club who, although a supporter of her career in the past, has since become disenfranchised with Ms. Ballerini. *See* Photo and Tweet of Defendant at Ballerini concert and then disparaging her on X (formerly Twitter), true and correct copies of which are attached hereto as **Exhibit A**.

14. Troublingly, Defendant has a history of hacking other famous musician's accounts and obtaining works and information improperly. For example, in 2017, Defendant sent a Tweet taking credit for a leak of confidential information of Taylor Swift's about an upcoming release. *See* Tweet dated July 31, 2017, a true and correct copy of which is attached as **Exhibit B**.

15. To that end, upon information and belief, Defendant took it upon himself to go online and seek out confidential and privileged information about Ms. Ballerini's yet-to-be-released new album and disseminate the Recordings.

16. Upon information and belief, Defendant illicitly and without authority or permission accessed the protected device of Ms. Ballerini/Vanderheym.

17. Upon accessing the device, and without authority, Defendant was able to obtain login credentials to a data room where he accessed and downloaded the Recordings, which he then distributed to numerous members of Ms. Ballerini's fan club. *See, e.g.,* Copy of text message wherein fan club member says Defendant Bo is distributing the Recordings, a true and correct copy of which is attached hereto as **Exhibit C**.

18. This action has caused, and will continue, to cause Ms. Ballerini, Ms. Vanderheym, and Black River immediate and ongoing harm. The most critical time for an album's success is its initial release date. Hacks like this substantially diminish both performers' and labels' ability to realize the full benefits of the release because the work is already available for download, for free, at the time of the official release.

19. Also, because the Recordings are not the completed master, the songs are not final and are subject to revision. Ms. Ballerini and her team are the only people who can say when the Recordings are complete. Defendant's actions have stripped Plaintiffs of that right and caused the distribution of unfinished work that may not yet be up to Plaintiffs' high professional standards.

## COUNT I
## Temporary Restraining Order (All Plaintiffs)

20. Plaintiffs incorporate all prior paragraphs as if fully set forth herein.

21. A temporary restraining order is necessary in this matter to immediately enjoin the Defendant from taking any further action that could cause harm to Plaintiffs. Defendant currently has the Recordings and the capability to disseminate the Recordings online to countless people.

22. Defendant had no authority to access Plaintiffs' devices. Accordingly, Plaintiffs are confident that they are likely to success on the merits of this case due to the egregious and traceable nature of the Defendant's bad acts.

23. Absent immediate injunctive relief in the form of a temporary restraining order, Plaintiffs will undoubtedly suffer immediate and irreparable harm. Defendant has already distributed the Recordings to a yet-to-be-determined number of individuals. The longer he is in wrongful possession of the Recordings without any restrictions in place, the greater the risk that he further distributes the Recordings improperly.

24. Issuance of an injunction here will not unduly harm Defendant or any other person. The only people currently being harmed in this matter are Plaintiffs, as they have had their property improperly stolen and disseminated. There is no protection for illegal acts such as hacking, theft, and copyright infringement, which are the acts that Plaintiffs seek to be enjoined.

25. The public interest is best served by issuance of the injunction. We attribute societal value to art and protect that value through copyright laws. Plaintiff has violated those laws. Granting an injunction in this instance furthers the public's interest in protecting art through imposition of the copyright laws.

26. Accordingly, Plaintiffs request that this Court enter a temporary restraining order immediately that enjoins Defendant from taking any further action whatsoever with respect to the Recordings, including preventing him from distributing it to anyone.

## COUNT II
**Preliminary Injunction (All Plaintiffs)**

27. Plaintiffs incorporate all prior paragraphs as if fully set forth herein.

28. A preliminary injunction is necessary in this matter to enjoin the Defendant from ever taking any further action that could cause harm to Plaintiffs. Defendant currently has the Recordings and the capability to disseminate the Recordings online to countless people. A preliminary injunction will ensure that he is prevented from taking any further improper acts with respect to the Recordings while improperly in possession thereof.

29. Defendant had no authority to access Plaintiffs' secure device(s). Accordingly, Plaintiffs are confident that they are likely to success on the merits of this case due to the egregious and traceable nature of the Defendant's bad acts.

30. Absent an immediate injunction, Plaintiffs will undoubtedly suffer continued and ongoing irreparable harm. Defendant has already distributed the Recordings to a yet-to-be-determined number of individuals. The longer he is in wrongful possession of the Recordings without any restrictions in place, the greater the risk that he further distributes the Recordings improperly.

31. Issuance of an injunction here will not unduly harm Defendant or any other person. The only people currently being harmed in this matter are Plaintiffs, as they have had their property improperly stolen and disseminated. There is no protection for illegal acts such as hacking, theft, and copyright infringement, which are the acts that Plaintiffs seek to be enjoined.

32. The public interest is best served by issuance of the injunction. We attribute societal value to art and protect that value through copyright laws. Plaintiff has violated those laws. Granting an injunction in this instance furthers the public's interest in protecting art through imposition of the copyright laws.

33. Accordingly, Plaintiffs request that this Court enter a preliminary injunction that enjoins Defendant from taking any further action whatsoever with respect to the Recordings, including preventing him from distributing it to anyone.

## COUNT III
### Copyright Infringement (Black River)

34. Plaintiffs incorporate all prior paragraphs as if fully set forth herein.

35. At all relevant times, Plaintiffs owned the copyrights to the Recordings.

36. The Recordings are not yet registered with the United States Copyright Office, as they have not been finalized for distribution. Nevertheless, the copyright laws protect against infringement of to-be-released materials.

37. Defendant has infringed upon Plaintiffs' valid copyrights by knowingly and willfully making the Recordings available for other individuals to download and listen to despite having no legal rights in the works.

38. Defendant is liable to Plaintiffs for copyright infringement under 17 U.S.C. § 501.

39. As a result of Defendant's infringement, Plaintiffs have suffered and will continue to suffer actual harm.

40. Plaintiffs are entitled to statutory damages under 17 U.S.C. § 412 as they have (or will have) pre-registered the Recordings such that statutory damages and attorneys' fees are appropriate.

41. Defendant's actions in this case were willful, as evidenced by his actions in seeking out and utilizing nefarious means to illicitly access the Recordings without authorization to do so, thus entitling Plaintiff to statutory damages in the amount of $150,000.00 per infringement.

## COUNT IV
### Violation of the CPAA, 18 U.S.C. § 1030 (Ms. Ballerini/Vanderheym)

42. Plaintiffs incorporate all prior paragraphs as if fully set forth herein.

43. All Ms. Ballerini's/Vanderheym's systems and platforms described above are stored within "protected computers,"[3] as that term defined by 18 U.S.C. § 1030(e)(1), used in or affecting interstate commerce or communications.

44. Having never worked for or with any of the Plaintiffs or otherwise been given any authority whatsoever to do so, Defendant accessed the protected systems and platforms without authorization in order to obtain the unreleased Recordings in violation of 18 U.S.C. §§ 1030(a)(2)(C), (a)(4), and (a)(5)(A)

45. Defendant intentionally and recklessly caused the transmission of the Recordings from the protected systems and platforms, without authorization, in violation of 18 U.S.C. § 1030(a)(5)(A).

46. These acts have caused Plaintiffs damages, including anticipated lost profits and the loss of autonomy over the distribution of their own protected works.

47. Plaintiffs are entitled to relief under the CFFA for Defendant's violations thereof.

---

[3] The term "computer" is defined broadly to encompass both computers and smart devices, like cellphones or tablets: "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device."

## COUNT V
## Violation of the TPCCA, Tenn. Code Ann. § 39-14-601, *et seq.* (Ms. Ballerini/Vanderheym)

48. Plaintiffs incorporate all prior paragraphs as if fully set forth herein.

49. Having never worked for Plaintiffs or otherwise been given any authority whatsoever to do so, Defendant accessed Plaintiffs' systems and platforms without authorization in order to obtain the unreleased Recordings in violation of Tenn. Code Ann. § 39-14-602(b)(1).

50. These acts have caused Black River and Ms. Ballerini damages, including anticipated lost profits and the loss of autonomy over the distribution of their own protected works.

51. Plaintiffs are entitled to relief under the TPCCA for Defendant's violations thereof.

## COUNT VI
## Conversion (All Plaintiffs)

52. Plaintiffs incorporate all prior paragraphs as if fully set forth herein.

53. Plaintiffs are the rightful owners of the Recordings at this time.

54. Defendant has exercised improper and unauthorized control over the Recordings in contravention of Plaintiffs' superior rights to the Recordings.

55. Defendant's improper exercise of dominion over the Recordings constitutes conversion of Plaintiffs' property.

56. Plaintiffs have been, and continue to be, harmed by Defendant's unauthorized and illegal possession of Plaintiffs' property.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court enter an order granting the following relief:

1. Issuing a Temporary Restraining Order preventing Defendant in the immediate short-term from exercising any further unauthorized control over the Recordings, including

enjoining him from further copying, distributing, disseminating, or otherwise publishing the Recordings;

2. Issuing a Preliminary Injunction preventing Defendant, during the adjudication of this matter, from exercising any further unauthorized control over the Recordings, including enjoining him from further copying, distributing, disseminating, or otherwise publishing the Recordings;

3. Holding Defendant liable for copyright infringement of Plaintiffs' work and awarding Plaintiffs statutory damages in the amount of $150,000 per infringement and attorneys' fees;

4. Holding Defendant liable for violation of the CPAA and awarding Plaintiffs damages in an amount to be proven at trial;

5. Holding Defendant liable for violation of the TPCCA and awarding Plaintiffs damages in an amount to be proven at trial;

6. Holding Defendant liable for conversion and awarding Plaintiffs damages in an amount to be proven at trial.

Respectfully submitted,

**SHACKELFORD, BOWEN, McKINLEY & NORTON, LLP**

*/s/ Jay S. Bowen*
Jay S. Bowen (TN Bar No. 2649)
John T. Baxter (TN Bar No. 35405)
1 Music Circle South, Suite 300
Nashville, TN 37203
P: (615) 329-4440
F: (615) 329-4485
jbowen@shackelford.law
jbaxter@shackelford.law

# VERIFICATION

I, _Jake Basden_, individually and as a duly authorized signatory on behalf of Plaintiffs Black River Entertainment, LLC, Ms. Ballerini, and Ms. Vanderheym, have personal knowledge of the facts contained in this Verified Complaint and I declare, having been duly sworn, according to law, that I have read the foregoing Verified Complaint and that the allegations therein are true and accurate, to the best of my knowledge, information and belief.

_Jake Basden_

Dated _April 17_, 2024

STATE OF _Tennessee_ )

COUNTY OF _Davidson_ )

Sworn to and subscribed before me this _17_ day of _April_, 2024.

_Sharon L. Nunnery_
Notary Public
My Commission Expires: _7-6-26_

